IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OHL USA, INC. | § |
| | § |
| v. | § CIVIL ACTION NO._____ |
| | § |
| HENSEL PHELPS CONSTRUCTION CO. | § |
| AND TRAVELERS CASUALTY & | § |
| SURETY COMPANY | § |

## PLAINTIFF OHL USA, INC.'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, OHL USA, INC., and files this, its Original Complaint against Defendants, HENSEL PHELPS CONSTRUCTION CO. and TRAVELERS CASUALTY & SURETY COMPANY, and in support thereof, respectfully shows as follows:

## I.
## PARTIES

1.    OHL USA, INC. ("OHL") is a Delaware corporation who is registered to do business in the State of Texas.

2.    Defendant, HENSEL PHELPS CONSTRUCTION CO. ("Hensel Phelps"), was a Delaware corporation, now formally a general partnership, who is doing business in Texas. Hensel Phelps does not maintain a registered agent in Texas, and therefore, it may be served with process by serving any corporate officer of Hensel Phelps, at 420 6th Avenue, Greely, Colorado 80631, or wherever they may be found, or the Secretary of State of Texas or through counsel, if authorized.

3. Defendant, Travelers Casualty & Surety Company ("Travelers"), is a Connecticut company and doing business in Texas, and it may be served with process by serving its Attorney for Service:

Corporation Service Company
211 East 7th Street
Suite 620
Austin, Texas 78701-3218

or by serving any corporate officer of Travelers (wherever they may be found) or the Texas Department of Insurance or through counsel, if authorized.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. §1331, 28 U.S.C. §1391(b)(2), and 40 U.S.C. §§3131-3134, also known as the Miller Act.

## III.
## FACTUAL BACKGROUND

5. The National Aeronautics and Space Administration ("NASA") contracted with Hensel Phelps for the construction of the Johnson Space Center NASA Building 21 project (the "Project"). As required by law, Hensel Phelps obtained a payment bond for the Project (the "Bond"). Travelers is the surety that issued the Bond.

6. On or about July 16, 2015, OHL entered into a subcontract with Hensel Phelps (the "Subcontract") whereby OHL agreed to perform certain work, which can generally be described as site work, site utility work and demolition, in exchange for payment (the "Work"). A copy of the Subcontract is attached hereto as

**Exhibit A** and incorporated herein.

7. The original plans by which OHL bid the Project contemplated one phase over a ten-month duration. Yet, during the course of the Project, Hensel Phelps prohibited OHL to perform its Work in the manner described during the bidding process, and instead, Hensel Phelps required OHL to perform its work in 11 different phases.

8. Despite Hensel Phelps' interference with the Work, OHL completed or, alternatively, substantially completed its Work in accordance with the Subcontract. However, Hensel Phelps failed to pay OHL in full. The unpaid balance due on the Subcontract is in the amount of $76,422. Additionally, Hensel Phelps' re-phasing of OHL's Work caused delays and added costs to OHL for unanticipated supervision, labor and equipment in the amount of $343,551.39. OHL made numerous requests for time and costs in connection with these delays, but Hensel Phelps has repeatedly ignored or denied such requests.

9. OHL also sent notices to Hensel Phelps and Travelers for payment under the Bond, but to no avail. The amount of $419,973.39 remains due and owing OHL from Hensel Phelps and Travelers.

## IV.
## CAUSES OF ACTION

A. **PAYMENT BOND CLAIM**

10. OHL provided labor, materials and/or equipment to the Project. Hensel Phelps provided NASA with a payment bond on which Hensel Phelps is the principal and Travelers is the surety.

11. OHL gave notice of its claim against the Bond, but to date, Hensel Phelps and Travelers have failed and refused to pay the amount due and owing OHL. Hensel Phelps and Travelers have breached their obligations under the Bond by failing and refusing to pay OHL's claim, despite repeated demands for payment by OHL. Hensel Phelps, as principal, and Travelers, as surety, are jointly and severally liable to OHL for the unpaid balance due for work performed at the Project in the principal amount of $419,973.39.

### B.  BREACH OF CONTRACT – HENSEL PHELPS

12. OHL sues Hensel Phelps for breach of contract. OHL performed, or in the alternative substantially performed, all of its obligations under the Subcontract. Hensel Phelps materially breached the Subcontract by failing to pay OHL for the Work performed on the Project. Hensel Phelps' breach is the proximate cause of OHL's damages in the amount not less than $419,973.39, excluding interest, attorneys' fees and costs. All conditions precedent have been performed and have occurred to entitle OHL to recover its damages under the Subcontract.

### C.  PROMPT PAYMENT VIOLATION – HENSEL PHELPS

13. Hensel Phelps' failure to timely pay OHL within 7 days after Hensel Phelps was paid by NASA for the labor, materials and/or equipment OHL furnished to the Project violates Title 31, Section 3905 of the United States Code, also known as the Federal Prompt Payment Statute. As a result, OHL is entitled to recover interest on the unpaid amount at a rate determined by the Secretary of Treasury during the time period the amount is outstanding. OHL is entitled to recover

interest commencing eight (8) days from the date Hensel Phelps received payment from NASA until the amount due is paid.

## V.
## REQUEST FOR ABATEMENT OF PROCEEDING PENDING ARBITRATION

14.     Under Section 18(b) of the Subcontract, Hensel Phelps and OHL agreed to arbitrate any disputes or claims between Hensel Phelps and OHL.[1]  The arbitration provision further states all Miller Act claims are to be stayed pending arbitration between OHL and Hensel Phelps.[2]   OHL files this lawsuit to comply and preserve its claim under the Miller Act.  OHL is filing a Demand for Arbitration with the American Arbitration Association in accordance with the Subcontract contemporaneously with this lawsuit.

15.     Accordingly, OHL requests the Court to abate this proceeding pending the arbitration and final hearing between OHL and Hensel Phelps.

## VI.
## DAMAGES

16.     The damages incurred are within the jurisdictional limits of the Court. Due to the acts or omissions of Hensel Phelps and Travelers, OHL has incurred damages of not less than $419,973.39.

## VII.
## CONDITIONS PRECEDENT

17.     OHL has fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit.

18.     All conditions precedent to OHL's right to recover on any of the claims

---

[1] Ex. A, §18(b).
[2] Ex. A, §18(b).

and causes of action asserted in this lawsuit have been discharged, satisfied or fully performed.

## VIII.
## ATTORNEYS' FEES, COSTS AND INTEREST

19. OHL is entitled to recover its attorney's fees and costs from Hensel Phelps and Travelers, pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code.

20. Plaintiff is also entitled to recover its costs and pre-judgment and post-judgment interest at the highest legal rate from Hensel Phelps and Travelers pursuant to applicable Texas law.

## XI.
## PRAYER

THEREFORE, Plaintiff, OHL USA, INC., prays and requests the Defendants, HENSEL PHELPS CONSTRUCTION CO. and TRAVELERS CASUALTY & SURETY COMPANY, be cited to appear and answer, that this lawsuit be abated pending the arbitration between Plaintiff and Defendant, Hensel Phelps Construction Co., and upon final hearing in arbitration, Plaintiff have judgment against Defendants, jointly and severally, as follows:

    (a)    actual damages in the amount of $419,973.39;

    (b)    plus attorney's fees in the trial court and appellate court;

    (c)    plus costs of court in the trial court and appellate court;

    (d)    plus pre-judgment and post-judgment interest at the highest rate permitted by law; and

    (e)    all other relief both at law and in equity, to which Plaintiff may

3979523_1

show itself to be justly entitled.

       Respectfully submitted,

       **PECKAR & ABRAMSON, P.C.**

       By: */s/ Christopher A. Ruhman*
          CHRISTOPHER A. RUHMAN
          State Bar No. 24060531
          Federal Bar No. 1031686
          cruhman@pecklaw.com
          ANGELA A.L. CONNOR
          State Bar No. 24076845
          Federal Bar No. 2543337
          aconnor@pecklaw.com
          3050 Post Oak Blvd., Suite 500
          Houston, TX 77056
          Telephone: 281-953-7700
          Facsimile: 713-961-3355

       **ATTORNEY FOR PLAINTIFF,**
       **OHL USA, INC.**